UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
JOHN BURGESS,                                    :
                                                 :
                              Plaintiff,         :
                                                 :         **INITIAL REVIEW**
         -against-                               :         **ORDER**
                                                 :
WARDEN BARONE, ET AL.,                           :         3:23-CV-967 (VDO)
                                                 :
                              Defendants.        :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

John Burgess ("Plaintiff"), a *pro se* prisoner[1] in the custody of the Connecticut Department of Correction ("DOC") under the Interstate Custody Compact ("ICC"), brings this Complaint under 42 U.S.C. § 1983. Compl., Doc. No. 1. He names as Defendants: MacDougall-Walker Correctional Institution Warden Barone, Dr. Lupis, RN Tawana, Dr. McKrystal, and Commissioner Angel Quiros.[2] Mr. Burgess has sued defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff is housed under the ICC at MacDougall-Walker Correctional Institution, with a latest admission date of April 21, 2014. Based on this information, the Court assumes that Plaintiff is a sentenced prisoner.

[2] Commissioner Quiros is not named in the caption in compliance with Federal Rule of Civil Procedure 10. However, a court may find a *pro se* complaint to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants. *See Imperato v. Otsego County Sheriff's Dep't*, 2016 WL 1466545, at *26 (N.D.N.Y. April 14, 2016) (citation omitted).

Complaint, or any portion of the Complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.[3]

I.  **FACTUAL BACKGROUND**[4]

In this action, Plaintiff claims that Dr. Lupis, RN Tawana, Dr. McCrystal, Warden Barone, and Commissioner Quiros have denied him pain medication and medical treatment for his serious medical needs for more than five years. He allegedly requested medical treatment for his daily bleeding and severe pain in his anus and stomach through his administrative remedies, but his requests and grievances were all denied.

In 2018, Dr. McCrystal allegedly noted Mr. Burgess's need for pain medication but never provided it. Dr. McCrystal allegedly failed to ensure that Mr. Burgess received adequate medical treatment.

In June 2019, Mr. Burgess allegedly sent an inmate request to Warden Barone to complain about his lack of medical care, but only received a response that New Hampshire had not provided the financial approval for his medical care as required under the Interstate Custody Compact.

---

[3] This initial review order does not consider whether Plaintiff's claims are barred by the relevant three-year statute of limitations applicable to 42 U.S.C. § 1983.

[4] While the Court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Plaintiff further claims that Dr. Lupis allegedly failed to provide him with pain and stomach medication until August 2022. In addition, although Dr. Lupis allegedly indicated that Mr. Burgess was scheduled for surgery and therapy, Plaintiff never received his surgery and therapy.

RN Tawana also was allegedly aware of Plaintiff's suffering due to his medical needs but refused to provide him with any medication or medical care.

Plaintiff's complaint indicates that Warden Barone and Commissioner Quiros were aware of his medical deprivation resulting from a policy requiring New Hampshire's financial approval for medical costs prior to DOC providing Plaintiff with medical treatment.

II.     **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

4

### III.  DISCUSSION

Plaintiffs brings claims of Eighth Amendment deliberate indifference. To "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020).

#### A.  The Eighth Amendment Claims Generally

For a claim of deliberate indifference to his medical needs, Plaintiff must allege facts showing both that his medical needs were serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003). Subjectively, a defendant must have been "subjectively reckless" when he denied medical care. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013).

Where a prisoner receives some care, but allegedly inadequate care or a delay in the care, the Court's consideration of the seriousness of the plaintiff's condition must examine both the prisoner's medical conditions and the harm caused by the offending conduct. *Lombardo v. Graham*, 807 F. App'x 120, 123 (2d Cir. 2020) (courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay); *Sanders v. Laplante*, No. 3:19-CV-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019) (court should examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner).

For purposes of initial review, Plaintiff has satisfied the objective element and has also sufficiently alleged facts suggesting that the medical defendants—Dr. McCrystal, RN Tawana, and Dr. Lupis—acted with a conscious disregard to his need for pain medication and adequate medical care.

Accordingly, the Court will permit Plaintiff to proceed on his Eighth Amendment claims against Dr. McCrystal, RN Tawana, and Dr. Lupis in their individual capacities.

**B.     The Eighth Amendment Supervisory Liability Claims**

The Second Circuit has established that a plaintiff must plead that supervisory defendants "violated the Eighth Amendment by [their] own conduct, not by reason of [their] supervision of others who committed the violation." *Tangreti*, 983 F.3d at 619. "A supervisor's mere knowledge . . . is not sufficient because that knowledge does not amount[ ] to the supervisor's violating the Constitution." *Id.* at 616–17 (internal citation and quotation marks omitted; alteration in original). "[A]s a matter of law, a defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (citation and quotation marks omitted). But a plaintiff may be able to establish an Eighth Amendment violation where a prison official allegedly "promulgated an unconstitutional policy with a culpable mental state—in this case, deliberate indifference." *Brunache v. Annucci*, 2023 WL 146850, at *12 (W.D.N.Y. Jan. 9, 2023) (quoting *Stone #1 v. Annucci*, 2021 WL 4463033, at *6-8 (S.D.N.Y. Sept. 28, 2021)).

Warden Barone and Commissioner Quiros are both supervisory officials. Plaintiff's Complaint alleges that Warden Barone and Commissioner Quiros were aware of his serious medical needs and that his medical treatment was being prevented by the failure of New

6

Hampshire officials to approve his medical costs. *See* Compl. at ¶¶ 10, 22, p. 44. For purposes of initial review, Plaintiff has not plausibly alleged that Warden Barone and Commissioner Quiros acted with conscious disregard of his serious medical needs. *See Weis v. Lamont*, No. 3:20-cv-1753(JAM), 2021 WL 171042, at *5 (D. Conn. Jan. 19, 2021) (holding that prisoner was required to plead and prove that each defendant had subjective knowledge of, and disregarded, a substantial risk of serious harm to the plaintiff himself); *Burrell v. Quiros*, No. 3:21-CV-393 (KAD), 2021 WL 1239916, at *5 (D. Conn. Apr. 2, 2021), *reconsideration denied*, No. 3:21-CV-393 (KAD), 2021 WL 2106369 (D. Conn. May 25, 2021) (same); *Woolard v. Santiago*, No. 3:19-cv-01256 (VLB), 2020 WL 2079533, at *9 (D. Conn. Apr. 30, 2020) (finding conclusory allegations insufficient to establish supervisory liability for First and Fourteenth Amendment violations).

Accordingly, Mr. Burgess's Eighth Amendment supervisory liability claims against Warden Barone and Commissioner Quiros in their individual capacities will be dismissed without prejudice to renewal.

### C. Official Capacity Claims

A plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity to the extent he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Here, Plaintiff requests injunctive relief to remedy the plausibly alleged ongoing Eighth Amendment deliberate indifference to his serious medical needs. Thus, the Court will permit Plaintiff to proceed on his Eighth Amendment claims against Defendants in their official capacities. To the extent Plaintiff seeks money damages against the defendants, who are state

employees, in their official capacities, such claims are dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Accordingly, any claim for injunctive relief will remain for now, but any claim for monetary relief is dismissed.

### IV.     CONCLUSION

The Court enters the following orders:

(1)     Plaintiff may **PROCEED** with his Eighth Amendment deliberate indifference claims against Dr. Lupis, RN Tawana, and Dr. McKrystal in their individual and official capacities.

(2)     The claims against Warden Barone and Commissioner Quiros are **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).

**Plaintiff has two options as to how to proceed in response to this Initial Review Order:**

(1)     If Plaintiff wishes to proceed immediately **only** on the claims set forth in item one above against Dr. Lupis, RN Tawana, and Dr. McKrystal, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **Monday, December 18, 2023**, informing the Court that he elects to proceed with service as to the claims set forth in this paragraph. The Court will then begin the effort to serve process on Dr. Lupis, RN Tawana, and Dr. McKrystal in the capacities described above.

(2)     Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **Tuesday, January 2, 2024**. An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in

the original complaint in evaluating any amended complaint. The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will **not** proceed to service of process on any defendant.

(3)     If the Court receives no response from Plaintiff by **Wednesday, January 3, 2024**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

**SO ORDERED.**

Hartford, Connecticut
November 17, 2023

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge